UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAWN DALE NANEZ,<br><br>             Plaintiff,<br>  v.<br><br>KAREN DANIELS ET. AL.,<br><br>             Defendants. | Case No. C17-5663-RBL-TLF<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

This matter comes before the Court on plaintiff's motion for appointment of counsel. Dkt. 5. Plaintiff states he has written to twenty-eight (28) attorneys between June 2015 and August 2017. Dkt. 5, at 4. He states he believes his complaint has merit because his rights were violated, he sustained physical and psychological damages from intentional cruel and unusual punishment, and defendants were aware of this and yet "continued to inflict cruel and unusual punishment." Dkt. 5, at 5. Having carefully considered the motion and balance of the record, the Court finds plaintiff's motion should be denied.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 1

1       To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, being better served by a lawyer as opposed to being a pro se litigant is not the legal criteria. *See Wilborn*, 789 F.2d at 1331; *Rand*, 113 F.3d at 1525.

      Plaintiff's pleadings appear to demonstrate an adequate ability to articulate his claims *pro se* and he has not demonstrated that the issues involved in this case are complex. Furthermore, plaintiff has also not shown a likelihood of success on the merits but merely restates the allegations of his complaint and asserts legal conclusions. *See, e.g.*, *Wilborn*, 789 F.2d at 1331.

      Accordingly, plaintiff's motion for appointment of counsel (Dkt. 5) is DENIED**.** The Clerk shall send a copy of this Order to plaintiff.

      Dated this 30th day of January, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge