UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWN DALE NANEZ,

                Plaintiff,

v.

KAREN DANIELS,

                Defendants.

Case No. C17-5663 RBL-TLF

ORDER TO SHOW CAUSE
CONCERNING EXHAUSTION OF
REMEDIES; AND ORDER TO
BIFURCATE, RE-NOTE, AND
CONVERT TO MOTIONS FOR
SUMMARY JUDGMENT

    Defendants have moved to dismiss plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and have submitted several declarations containing evidence outside the pleadings. Dkts. 12, 14, 15, 16. Plaintiff filed a response, and defendants have replied. Dkts. 28, 29. Defendants argue that plaintiff has failed to exhaust his administrative remedies, and also argue that he has failed to state a claim upon which relief can be granted. Dkt 12. The defendants' motions must be bifurcated, and evaluated by the Court as summary judgment motions rather than as motions to dismiss under FRCP 12(b).

    For the reasons set forth below, the Court converts the exhaustion portion of defendants' motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 56, and re-notes that matter for consideration on **September 28, 2018**; the plaintiff must show cause why the allegedly unexhausted claims should not be dismissed; and the parties will be afforded an opportunity to re-brief the issue and to present evidence under Fed. R. Civ. P. 56. The Court also

ORDER TO SHOW CAUSE CONCERNING EXHAUSTION
OF REMEDIES; AND ORDER TO BIFURCATE, RE-
NOTE, AND CONVERT TO MOTIONS FOR SUMMARY
JUDGMENT - 1

1 **suspends any decision** the remainder of defendants' motion, to be decided, if necessary, after the exhaustion issue has been decided.

**A.      Exhaustion Issue**

Prisoners cannot bring claims under 42 U.S.C. § 1983, unless "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, failure to exhaust administrative remedies is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). Accordingly, the "appropriate device" for deciding exhaustion "is a motion for summary judgment under Rule 56." *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). Exhaustion "should be decided, if feasible, before reaching the merits of a prisoner's claim." 747 F.3d at 1170. It is a defendant's burden to prove both that an administrative remedy was available and that the prisoner failed to exhaust it. 747 F.3d at 1172. If that burden is carried, it is then the prisoner's burden "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. However, the ultimate burden remains on defendants. *Id*.

This issue must, under Ninth Circuit law, be considered as a motion for summary judgment pursuant to Fed. R. Civ. P. 56; however, here it was brought as a motion under Fed. R. Civ. P. 12(b)(1). *Albino*, 747 F.3d at 1168; Dkt. 12 at 1. Whenever the Court converts a Rule 12 motion to one for summary judgment, it must notify the parties and provide them a reasonable opportunity to present evidence. *Anderson v. Angelone*, 86 F.3d 932, 934-35 (9th Cir. 1996). Accordingly, the Court re-notes the exhaustion portion of defendants' motion in order to provide the parties the opportunity to brief the issue under the appropriate legal standard, and to submit additional evidence in compliance with that standard.

**B.     Remaining Issues**

Defendants also argue that the substance of plaintiff's complaint fails to state a claim upon which relief can be granted, and that the Court should apply qualified immunity to all defendants and all claims. Dkt. 12 at 6-19. Where "feasible," courts should consider exhaustion issues ahead of the substantive merits of a prisoner's claim. *Albino*, 747 F.3d at 1170.

Accordingly, the Court converts the remainder of defendants' motion to a motion for summary judgment and suspends any consideration of that portion of the motion, and with leave for the parties to submit additional declarations and briefing on the merits after the exhaustion issue has been decided.

If the case moves forward on the merits after the exhaustion portion of the analysis has been completed, the parties are directed to clarify whether plaintiff was a pretrial detainee, or had been convicted and was serving his sentence, at the time relevant to his claim. If the plaintiff was a pretrial detainee at the relevant time, the parties are directed to brief the issues under the Fourteenth Amendment objective unreasonableness standard applicable to pre-trial detainees (rather than the Eighth Amendment standard – with a subjective element) -- under *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2470 (2015); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070-71 (9th Cir. 2016); and *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018)).

**C.     Rand Notice**

Defendants have previously provided plaintiff with a notice pursuant to *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998), which informed plaintiff of what was required to oppose a motion for summary judgment.  Dkt. 15-1. To ensure that plaintiff is fully informed, the Court provides Plaintiff with an additional *Rand* notice with respect to the conversion of defendant's

motion from a motion to dismiss under FRCP 12(b) to a motion for summary judgment for failure to exhaust administrative remedies as follows:

**Plaintiff is advised that** a grant of summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

**D.  Conclusion**

For the reasons set forth above, the Court **Orders** as follows:

(1) The portion of defendants' Motion to Dismiss addressing exhaustion of administrative remedies, Dkt. 12 at 2:17 to 6:7 is converted to a motion of summary judgment pursuant to Fed. R. Civ. P. 56. The motion for summary judgment is noted for **September 28, 2018**. The parties may submit additional briefing and evidentiary materials – on the issue of whether the plaintiff has exhausted remedies -- in accordance with Local Rule 7(d)(3).

1     (2)     The remainder of defendants' motion is **suspended and re-noted for November 16, 2018** with leave to submit additional briefs and declarations, if the Court's decision concerning exhaustion does not render the analysis on the merits moot.

Dated this 9th day of August, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE CONCERNING EXHAUSTION OF REMEDIES; AND ORDER TO BIFURCATE, RE-NOTE, AND CONVERT TO MOTIONS FOR SUMMARY JUDGMENT - 5